UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADAM PRESS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PUTNAM INVESTMENT FUNDS, et al.,<br><br>Defendants. | Civil Action No. 05-CV-10923 (NG) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS IN THIS CASE**

All Defendants hereby submit this Memorandum of Points and Authorities in support of their motion to stay further proceedings in this case until the Judicial Panel on Multidistrict Litigation ("JPML") rules on Defendants' application to transfer the case to the United States District Court for the District of Maryland for pretrial proceedings in coordination with the mutual fund "market timing" multidistrict litigation now pending there.

**Introduction**

Plaintiff Adam Press, purportedly on behalf of himself and others similarly situated, filed his Complaint in Suffolk County Superior Court on April 4, 2005. In it, Plaintiff claims that he owns shares of a mutual fund, the Putnam International New Opportunity Fund, that require him to pay a contingent deferred sales charge in the event he redeems the shares prior to the expiration of six years from the date he purchased them. Compl. ¶¶ 1, 7. Plaintiff admits he agreed to pay these charges when he purchased his shares, but now desires to avoid this obligation because Defendants allegedly "engage[ed] in various forms of misconduct, including market timing . . . [and] unfair business practices" regarding Putnam mutual funds. *Id.* ¶¶ 2, 20,

9746553_1

30. Plaintiff sues more than 50 different Putnam management investment companies on this claim, in addition to the one that issued his shares.

Defendants timely removed the case to this Court on May 4, 2005 (dkt. 1). On May 6, Defendants filed a Notice of Tag-Along Action with the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") (dkt. 2), seeking transfer of the case to the United States District Court for the District of Maryland ("MDL Court"), for coordinated or consolidated pretrial proceedings with more than 60 other cases the JPML previously transferred to the MDL Court alleging market timing with respect to Putnam mutual funds, and over 300 other cases asserting similar claims with respect to other mutual fund "complexes."

On May 16, Plaintiffs and Defendants stipulated that Defendants would have through and including June 10 to answer, move or otherwise respond to the Complaint, and on May 19 the Court granted the additional time agreed to in the stipulation (dkt. 3).

On May 26, the JPML issued a Conditional Transfer Order ("CTO") to transfer this case to the MDL Court. (CTO-18, Ex. 1 hereto). According to the Panel, this case "appears . . . [to] involve[ ] questions of fact which are common to the actions previously transferred to the District of Maryland." *Id.*

On June 6, Plaintiff filed a Motion to Remand in this Court (dkt. 6). Plaintiff argues in that motion that his Complaint alleges "a single cause of action for breach of contract on behalf of certain *holders* of mutual fund shares," and is therefore not within the original jurisdiction of this Court. Memorandum in support of Motion to Remand, at 1 (emphasis in original).

On June 7, Plaintiff filed a Motion to Vacate the CTO with the JPML, arguing that the case should not be transferred to the MDL Court. The Panel's rules allow Defendants twenty days to respond to that motion. *See* JPML Rule 7.2(c). The rules also require that the motion be

considered at the Panel's next appropriate hearing session which, in this case, will be in July. *See* JPML Rule 7.4(d).

## ARGUMENT

As Defendants will argue to the JPML, this case is appropriate for pretrial case management with other "market timing" cases pending against Putnam defendants in the MDL Court – including numerous cases transferred by this Court. (*See, e.g.,* CTO-1, CTO-2, Ex. 2). If the JPML agrees, and the case is transferred to the MDL Court, then unless a stay is entered now, "all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted." *U.S. Bank, Nat'l Ass'n. v. Royal Indem. Co.*, No. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002).

### 1.   A Stay Would Serve The Interest Of Judicial Economy And Consistency

The JPML decided last year that "all actions [involving] common questions of fact concerning allegations of market timing and/or late trading in the mutual fund industry" should be transferred to the MDL Court for consolidated or coordinated pretrial case management. (JPML Order, Feb. 20, 2004, Ex. 3 at p. 3.) According to the JPML, these cases all "focus on similar mutual fund trading practices and procedures with some common defendants and/or witnesses. Section 1407 centralization of all the actions . . . is necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. Resolution of overlapping issues, concerning similar conduct in the mutual fund industry, will be streamlined." *Id.*

The Complaint in this case is based on allegations of misconduct that are virtually identical to those in the cases pending before the MDL Court: Plaintiff alleges that Defendants engaged in "various forms of misconduct, including market timing," and that Defendants

"allow[ed] some managers and certain plan participants to market time their mutual funds." Compl. ¶¶ 20, 23. The same allegations are at the core of each of the three score cases pending against Putnam defendants in the MDL. While the claims asserted and the relief sought by the plaintiffs in these cases vary in form, they do not vary in substance – they all seek damages on behalf of either the funds or shareholders directly based on this alleged misconduct. Transfer is therefore warranted. *See, e.g., In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 223 F. Supp. 2d 1388, 1389 (J.P.M.L. 2002) (transferring and consolidating actions alleging that broker failed to disclose conflicts of interests "to eliminate duplicative discovery, prevent inconsistent pretrial rulings . . . and conserve the resources of the parties"); *In re Nortel Networks Corp. Sec & "ERISA" Litig.*, 269 F. Supp. 2d 1367, 1368 (J.P.M.L. 2003) (centralizing litigation in which the defendants were alleged to have breached common law duties owed to members of putative class).[1]

In similar cases, a "majority of courts have concluded that it is . . . appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). *See also U.S. Bank,* 2002 WL 31114069, at *2 (staying proceedings on 12(b)(6) motions because so as to avoid an "unnecessary waste of judicial resources if the MDL Motion is ultimately granted"); *Weinke v. Microsoft Corp.,* 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (staying proceedings pending MDL transfer decision to conserve judicial resources and avoid inconsistent results); *Aikins v. Microsoft Corp.*, No. Civ. A. 00-0242, 2000 WL 310391, at *1-2 (E.D. La. Mar. 24, 2000) (same); *Tench v. Jackson Nat'l*

---

[1] The case for transfer is stronger still because all these cases involve potentially overlapping putative classes. Cases such as these present the greatest chance for pretrial administrative "chaos" and are especially appropriate for consolidation. *In re Plumbing Fixture Cases,* 298 F. Supp. 484, 493 (J.P.M.L. 1968); *see also Pepsi-Cola Bottling Co. of Olean v. Cargill, Inc.,* No. 3-95-784, 1995 WL 783610, at *4 (D. Minn. Oct. 20, 1995).

*Life Ins. Co.*, No. 99 C 5182, 1999 WL 1044923, at *1-2 (N.D. Ill. Nov. 12, 1999) (same). Indeed, many district courts have entered stays in cases that were subsequently transferred to the MDL Court in connection with the mutual fund market timing litigation. *See, e.g., Parisi v. Marsh & McLennan Cos.,* No. Civ. A. 04-2091-KHV, 2004 WL 1534181 at *1-2 (D. Kan. Apr. 6, 2004) (staying proceedings so MDL Court could resolve jurisdictional issue common to other cases before it: whether state law claims based on improper market timing raise a substantial federal question under the Investment Company Act of 1940); *Nekritz v. Canary Capital Partners, LLC,* No. Civ. 03-5081, 2004 WL 1462035 at *4 (D. N.J. Jan. 12, 2004) (where several removed class actions involved broadly similar factual allegations and same jurisdictional issues under SLUSA, judicial economy was best served by leaving remand motion to transferee court); *see also Fienerstein v. Marsh & McLennan Cos.,* No. 03-12474 (D. Mass. Mar. 3, 2004); *Sayegh v. Janus Capital Corp.,* No. CV-03-08736 (C.D. Cal. Mar. 22, 2004); *Sherman v. Marshall,* No. 2:03-cv-1037 (S.D. Ohio Jan. 14, 2004) (Ex. 4).

Courts favor stays pending Panel transfer decisions because proceedings in multiple jurisdictions impose undue costs on the litigants and threaten to waste scarce judicial resources. For example, in *Hertz Corporation v. Gator Corporation*, the United States District Court for the District of New Jersey stayed an action seeking preliminarily to enjoin the defendants from using Internet "pop-up" ads. *See* 250 F. Supp. 2d 421, 427-28 (D.N.J. 2003). The court explained that "[t]he heavy financial burden on [a defendant] borne by having to defend . . . in multiple fora" constituted "a clear hardship weighing in favor of staying [an] action" pending the Panel's transfer decision. *Id.* The court further explained that, absent a stay, parallel pretrial proceedings in multiple fora would potentially waste judicial resources and impose a risk of duplicative discovery and inconsistent rulings of important pretrial legal issues. *See id.*

### 2. A Pending Motion To Remand Does Not Require A Stay To Be Denied

The fact that Plaintiff has filed a Motion to Remand should not lead to a different result. While this Court obviously has jurisdiction to decide Plaintiff's motion, deferring consideration of it until the Panel's transfer decision would conserve judicial resources and serve the interest of judicial consistency. Indeed, counsel for Plaintiff has filed very similar complaints against a number of other mutual fund "complexes," based on similar allegations of misconduct, advancing the same legal theories, and seeking identical relief, in state courts in Massachusetts and elsewhere. These other cases include *Delaventura v. Columbia Acorn Trust et al.,* No. 05-10793-WGY (D. Mass.), *Maxwell v. Pimco Funds,* No. 8:05-CV-00479-JVS-AN (C.D. Cal.), and *Reaves v. MFS Series Trust I,* No. 05-10804-MEL (D. Mass.), all of which were removed to federal court, all of which were "tagged" for transfer to the MDL Court, and all of which have been or will be conditionally transferred to the MDL Court. Moreover, in each of these cases, the plaintiffs have filed or will file motions to remand. Accordingly, if the Panel concludes that these cases belong before the MDL Court, they will be transferred to that court, and the judges presiding there will be able to consider the remand motions together, thereby conserving judicial resources and leading to a uniform result on the plaintiffs' arguments.

Proceeding in this manner, and achieving these goals, is even more important because the issues presented in Plaintiff's motion are complex, and will involve analysis of several very recent decisions from other circuits. *See, e.g., Kircher v. Putnam Funds Trust,* 403 F.3d 478 (7th Cir. Apr. 5, 2005); *Rowinski v. Salomon Smith Barney Inc.,* 398 F.3d 294 (3d Cir. Feb. 16, 2005); *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 395 F.3d 25 (2d Cir. Jan. 11, 2005). In fact, while one court in this jurisdiction previously remanded a breach of fiduciary duty case involving allegations of mutual fund market timing, *see Meyer v. Putnam Int'l Voyager Fund,*

220 F.R.D. 127 (D. Mass. 2004), that case was decided prior to the rulings in these cases, and in fact the outcome in that case directly conflicts with at least one of these recent opinions. *Compare Kircher,* 403 F.3d at 483-84 (plaintiffs cannot avoid federal preemption under the Securities Litigation Uniform Standards Act ["SLUSA"] by claiming to be "holders" of mutual fund shares), *with Meyer*, 220 F.R.D. at 129 (claims asserted by "holders" of mutual fund shares are not preempted by SLUSA).

In cases such as this, considerations of judicial economy and consistency have frequently led courts to defer ruling on remand motions until JPML transfer decisions are made. For example, in *In re Ivy*, 901 F.2d 7 (2d Cir. 1990), the Second Circuit upheld the decision of a district court to defer ruling on a remand motion pending transfer of the case to a pending multidistrict litigation. According to the court of appeals, "[o]nce transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served." *Id.* at 9. *See also Bd. of Trs. of the Teachers' Ret. Sys. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 903-06 (N.D. Ill. 2002) ("Judicial economy favors a stay. Having one court rather than three decide complex jurisdictional issues obviously saves judicial resources."); *Med. Society of the State of New York v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 91 (S.D.N.Y. 2001) (placing remand motion on Court's suspense docket pending Panel's transfer decision and finding significant economies from having single court decide federal preemption questions); *Aikins*, 2000 WL 310391, at *1 (granting stay to promote consistency and economy, and ruling that plaintiff may reassert motion to remand if Panel declines to consolidate cases); *Johnson v. AMR Corp.*, No. 95 C 7659, 1996 WL 164415, at *3-4 (N.D. Ill. Apr. 3, 1996) (granting stay and deferring decision on motion to remand until Panel rules on transfer based on "obvious" benefit that "jurisdictional objections can be heard and

resolved by a single court and reviewed at the appellate level in due course" (citation omitted)); *Boudreaux v. Metro. Life Ins. Co.,* Civ. A. No. 95-138, 1995 WL 83788, at *2 (E.D. La. Feb. 24, 1995) ("Because the issue involved in this remand motion is likely to be common to other transferred cases, the policies of efficiency and consistency of pre-trial rulings are furthered by a stay of the proceedings in this Court pending a decision on the conditional transfer order.").

Certainly there are cases in which remand motions are heard prior to resolution of transfers to courts presiding over multidistrict cases. Proceeding in that manner makes sense where the question presented is "easy," or involves a state law issue unique to a case or cases pending in a single court. *See Worldcom,* 244 F. Supp. 2d at 903; *see also In re Mass. Diet Drug Litig.,* 338 F. Supp. 2d 198, 201 (D. Mass. 2004) (remand motions in cases pending before Judge O'Toole turn on same question of state law which "does not appear . . . likely to arise in other . . . litigation in other courts"); *Bellorin v. Bridgestone/Firestone, Inc.*, 236 F. Supp. 2d 670, 676 (W.D. Tex. 2001) ("issues raised by Plaintiffs' Motion to Remand are unique to this case"). Some cases also involve case-specific determinations about whether the amount in controversy is established. *See, e.g., Tortola Restaurants, LP v. Kimberly-Clark Corp.,* 987 F. Supp. 1186, 1189 (N.D. Cal. 1997). Plaintiff's case, however, shares none of these characteristics. Instead, it and the others Plaintiff's counsel has filed present complex issues of federal jurisdiction that should be resolved in a manner that maximizes judicial economy and advances the interest of judicial consistency.

### 3.     **Plaintiff Will Not Be Prejudiced By A Stay**

Plaintiff will not be prejudiced by a stay of the proceedings in this Court pending resolution of his Motion to Vacate by the Panel. As the district court held in *Sherman v. Marhsall,* "[t]his litigation is in its very early stages . . . [Plaintiff's] motion to remand remains

pending and, depending on the outcome of the [motion to transfer] will be ruled upon by either the undersigned judge or the transferee judge." No. 2:03-cv-1037 (S.D. Ohio, Jan. 14, 2004) (Ex. 4). In addition, the JPML has recognized that consolidating cases for pretrial proceedings permits plaintiffs to "experience a net savings of time, effort and expenses through [the] pooling [of] resources with other plaintiffs in the transferee district who share similar interests." *In re Stirling Homex Corp. Sec. Litig.*, 405 F. Supp. 314, 316 (J.P.M.L. 1975); *see also In re Diet Drug (Prods.) Liab. Litig.*, 990 F. Supp. 834, 836 (J.P.M.L. 1998) (noting that all parties can benefit from the "economies of scale" made possible by consolidated proceedings).

For reasons of judicial economy, and in deference to the MDL Panel's mandate to coordinate federal market-timing litigation, this Court should stay proceedings in this case pending a decision by the JPML regarding transfer of the case to the MDL Court.

## Conclusion

For all the foregoing reasons, Defendants ask this Court to stay all deadlines, briefing schedules, and other proceedings in this Court until the JPML has ruled on Defendants' application to transfer this case to the MDL Court.

Dated: June 10, 2005

Respectfully submitted,

/s/ John D. Donovan, Jr.
John D. Donovan, Jr. (BBO#130950)
Carisa Klemeyer
ROPES & GRAY LLP
One International Place
Boston, MA  02110-0624
Telephone: (617) 951-7000
Fax: (617) 951-7050

        Thomas B. Smith
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC 20005-3948
Telephone: (202) 508-4600
Fax: (202) 508-4650

Counsel for ALL DEFENDANTS

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served on the attorney of record for each party in this matter by filing the document electronically with this Court, using the Court's ECF filing system, on this 10th day of June, 2005.


                                               /s/ John D. Donovan, Jr.
                                               John D. Donovan, Jr.